UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John A. Baldi,
    Plaintiff

    v.                                              Civil No. 07-cv-24-SM
                                                Opinion No. 2007 DNH 048

Roland & Gail Brown;
Charles Russell; Town of
Epsom, New Hampshire;
Merrimack County Sheriff's
Department; New Hampshire
Department of Environmental
Services; William McGraw,
    Defendants


**O R D E R**

John Baldi filed suit in Merrimack County Superior Court against a host of defendants alleging familiar claims of abuse of process, fraud, negligence, violations of various constitutional rights, and violations of various state and federal statutes. Defendants Roland and Gail Brown removed that suit to this court on January 31, 2007, asserting both federal question jurisdiction under 18 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332, (document no. 1). Before the court is plaintiff's motion to remand to state court (document no. 4).

**Discussion**

28 U.S.C. § 1441 authorizes the removal of civil actions from state to federal court when the state action is one that

could have been brought originally in federal court. <u>Lincoln Prop. Co. v. Roche</u>, 126 S. Ct. 606, 610 (2005).  Generally, to be effective, all served defendants must join in or consent to a notice of removal.  <u>See</u> 28 U.S.C. § 1446; <u>see also</u> <u>Lapides v. Bd. of Regents of the Univ. Sys. of Ga.</u>, 535 U.S. 613, 620 (2002); <u>Loftis v. United Parcel Serv., Inc.</u>, 342 F.3d 509, 516 (6th Cir. 2003); <u>Getty Oil Corp. v. Ins. Co. of N. Am.</u>, 841 F.2d 1254, 1263 (5th Cir. 1988); <u>Swanston v. TAP Pharm. Prods.</u>, 307 F. Supp. 2d 190, 193 (D. Mass. 2004).

Plaintiff argues that jurisdiction in this court is improper because not all of the defendants assented to removal.[1]  This court, along with a number of others, has recognized a narrowing of the usual rule of unanimity, holding that the rule requires consent from only those parties that would be entitled to independently remove the case.  <u>See</u>, <u>e.g.</u>, <u>McConnell v. Fernandes</u>, 2003 U.S. Dist. LEXIS 23190, *4 (D. Mass. Dec. 29, 2003); <u>Whitted v. City of Manchester</u>, 1995 U.S. Dist. LEXIS 382, *4 (D.N.H. Jan. 10, 1995); <u>Rey v. Classic Cars</u>, 762 F. Supp. 421, 423 (D. Mass. 1991).  Because the State of New Hampshire, a party

---

[1] Specifically, plaintiff asserts that only Roland and Gail Brown, by filing the petition, consented to removal.  But after plaintiff filed his motion to remand, every defendant, except the State of New Hampshire, assented.

2

to this action, is not subject to the jurisdiction of this court by virtue of the immunity afforded it by the Eleventh Amendment to the United States Constitution, its consent is not necessary to properly effect removal.  See Whitted, 1995 U.S. Dist. LEXIS 382, *4 ("failure of the State of New Hampshire to consent to removal does not trigger remand in light of the Eleventh Amendment prohibition of a suit against the state in a federal court absent the state's consent").  See also Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391 (1998) (Eleventh Amendment did not prevent removal, even if federal court could not adjudicate claims barred by that Amendment).  The claims against the State are likely barred by the Eleventh Amendment, and, as discussed below, face dismissal absent plaintiff's showing cause why they should not be dismissed, but that does not preclude removal.  Accordingly, defendants, having secured the consent of all necessary parties, properly removed the case to this court.  Plaintiff's motion to remand is necessarily denied.[2]

---

[2] Plaintiff asserts in passing that I must recuse myself from this case because of "criminal complaints" he says he has filed against me with the FBI and the U.S. Department of Justice. Although recusal may be appropriate under certain circumstances, and with proper supporting documents, see 28 U.S.C. § 144, the mere fact that a civil litigant files frivolous complaints against a presiding judge arising from the judge's work does not require recusal.  Otherwise, the court system would be at the mercy of judge-shopping litigants motivated to file frivolous complaints merely to serve improper purposes.  See In re Mann, 229 F.3d 657, 658-59 (7th Cir. 2000); United States v. Martin-

This plaintiff is not unfamiliar with the legal process. He is a frequent litigator, having filed numerous lawsuits against many people over the years, and has apparently graduated from law school. Plaintiff's most recent visit to this court prompted Judge Barbadoro to enjoin him from filing "any further actions in this court that concern or are related to the 1999 assault, the 2000 road improvement project, or the 2003 libel action . . ." and further ordered him to obtain leave of court prior to filing any suit [here]. Order dated October 19, 2005 (document no. 76), Baldi v. Broderick, et al., No. 04-CV-466-PB.

Although plaintiff cannot be said to have literally violated the terms of that injunction — because he did not file the case in this court — a review of the pleadings suggests that the subject matter of this suit is substantially similar to the subject matter of his prior cases giving rise to the injunction. As such, it seems to be the very sort of repetitive and potentially harassing suit that Judge Barbadoro sought to preclude. Accordingly, plaintiff shall file, within ten (10)

---

Trigona, 759 F.2d 1017, 1020-21, 1025 (2d Cir. 1985). Whatever "criminal complaints" have been filed by plaintiff are baseless and frivolous and no doubt are part of plaintiff's ongoing litigiousness. No reasonable person fully informed of the facts could reasonably question my impartiality in this case based upon those bald assertions. 28 U.S.C. § 455.

days of the date of this order, a legal memorandum showing cause why this case should not be dismissed as barred by res judicata, or collateral estoppel, or Eleventh Amendment immunity, or the applicable statutes of limitations.  See e.g., Baldi v. Broderick, et al., 04-cv-466-PB, Order dated September 21, 2005 (document no. 71).

**Conclusion**

For the foregoing reasons, plaintiff's motion to remand (document no. 4) is denied.  Plaintiff shall, however, file a memorandum, within ten (10) days of the date of this order, showing cause why this case should not be dismissed as frivolous and plainly barred by the doctrines of res judicata, collateral estoppel, Eleventh Amendment immunity, or the applicable statute(s) of limitations.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 10, 2007

cc:  John A. Baldi, pro se
     Charles A. Russell, Esq.
     Brian J.S. Cullen, Esq.
     John A. Curran, Esq.
     Mary E. Maloney, Esq.