```
                     UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE
```

John A. Baldi,
    Plaintiff

    v.                                    Civil No. 07-cv-24-SM
                                          Opinion No. 2007 DNH 060
Roland Brown; Gail Brown;
Charles Russell; Town of
Epsom, NH; Merrimack County
Sheriff's Department;
NH Department of Environmental
Services; and William McGraw,
    Defendants


**O R D E R**


     In keeping with his colorful, but entirely acerbic and inappropriate personal style, Baldi has filed yet another meandering and off-the-main-road pleading. But unlike most of his inept legal efforts, he seems to have stumbled upon a point — not well articulated or developed — but a point nonetheless.


     The court will address the controlling legal issue intimated in Baldi's pleading, but also hereby strikes that pleading upon its own initiative as impertinent. Fed. R. Civ. P. 12(f). As noted previously in this and other cases, Baldi is reported to have graduated from a law school, though apparently he has not been admitted to practice in any jurisdiction, and certainly is not a member of the bar of this court. Had a member of the bar

filed a pleading like Baldi's, he or she would be promptly referred to the appropriate disciplinary body and would likely be suspended from practicing law, if not disbarred altogether.  As he is not a practicing attorney, and is acting pro se, the available sanctions are more limited.  Baldi is hereby placed on notice that future pleadings filed by him in this court that contain "redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f) will be summarily stricken in their entirety and ignored, and increasingly severe monetary sanctions will be imposed.

That having been said, in his objection and Response/Memorandum (document no. 42) (which will be charitably taken as a motion to reconsider the court's order denying his motion to remand), Baldi says that Defendant William McGraw not only did not consent to removal of this suit to federal court, but affirmatively opposed removal.  Accordingly, Baldi argues, the rule of unanimity was not met with respect to removal and the case should have been remanded to state court.  Baldi fails to recognize that McGraw is a state official and to the extent he has been sued in his official capacity, he is considered the equivalent of the State of New Hampshire.  Intimated in Baldi's pleading, however, is an implication (though not likely

intentional) that Defendant McGraw was not sued solely in his official capacity as a state officer (Clerk of the New Hampshire Superior Court for Merrimack County) but, rather, was also sued in his individual capacity.  That would have been a significant point, had it been made in the motion to remand.

Suing a state official in his or her official capacity is just another way of suing the state itself.  See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 690 n.55 (1978).  Accordingly, Defendant McGraw, sued in his official capacity, is considered to be the state, and the state need not consent to removal.  See, e.g., McConnell v. Fernandes, 2003 U.S. Dist. LEXIS 23190, *4 (D.Mass. Dec. 29, 2003).  But, if Defendant McGraw is also sued in his individual capacity, then he is not simply a stand-in for the state, but a defendant in his own right, facing potential (however unlikely) personal liability for money damages.  In that capacity, as an individual defendant, he had to give his timely consent to effect removal.  It is plain that he not only did not consent to removal, but affirmatively objected (albeit as a "state defendant").  (See document no. 15.)

Baldi's state court declaration (complaint) does not identify the capacity in which McGraw is sued, and Baldi does not

address the issue in his objection.  Happily for Baldi, though he does not raise the issue, the court of appeals for this circuit recently joined the majority of circuits in adopting the "course of proceedings" test to determine whether officials are sued personally or in their official capacities, or both, when the complaint fails to disclose capacity.  Under that test, courts consider the substance of the pleadings, the course of proceedings, the nature of plaintiff's claims, requests for compensatory or punitive damages (only recoverable against an official in his or her individual capacity), and the nature of any defenses raised, particularly claims of qualified immunity (also pertinent only to individual defendants).  Powell v. Alexander, 391 F.2d 1, 22 (1st Cir. 2004).  Applying that test here, it is apparent that Defendant McGraw has been sued, however inartfully, in his individual capacity.

Baldi claims McGraw personally deprived him of alleged due process rights, for which Baldi seeks money damages — from McGraw rather than from the State, including punitive damages.  The New Hampshire Attorney General, counsel to McGraw, has also interposed the defense (among others) of qualified immunity (which only pertains to officials sued in their individual capacities).  (See document no. 14.)

Taking those factors into account, and recognizing, as well, that this litigation is in its early stages, *id*., the court necessarily concludes that Baldi sued McGraw in his individual capacity. And, because McGraw not only did not consent to removal, but affirmatively opposed it, this case is remanded to the New Hampshire Superior Court for failure to meet the unanimity rule.

## Conclusion

For the foregoing reasons, Baldi's "objection" is stricken under Rule 12(f), but on reconsideration, his motion to remand (document no. 4) is granted. The clerk of court shall remand this case to the New Hampshire Superior Court (Merrimack County).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 27, 2007

cc: John A. Baldi, pro se
    Charles A. Russell, Esq.
    Brian J.S. Cullen, Esq.
    John A. Curran, Esq.
    Mary E. Maloney, Esq.